**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEFAN AYHAN,

          Plaintiff - Appellant,

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

          Defendant - Appellee.

No. 10-35220

D.C. No. 3:09-cv-00095-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted March 9, 2011[**]
Portland, Oregon

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

     Stefan Ayhan appeals the district court's order affirming the final decision of

the Commissioner of Social Security that Stefan Ayhan was not entitled to

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Supplemental Security Income payments under the Social Security Act. We affirm.

The ALJ concluded that Ayhan's testimony regarding his pain was not entirely credible. Absent evidence showing that a claimant is malingering, an ALJ must set forth "clear and convincing" reasons for rejecting pain testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (internal quotation marks omitted). "If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive." *Id.* (internal quotation marks omitted). The ALJ did so here. He found that the objective medical evidence did not support Ayhan's claims of constant pain. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ also indicated specific inconsistencies between Ayhan's testimony and past statements to physicians, such as a September 2007 doctor's visit where Ayhan reported that he only had "flares every once in a while." We conclude that the ALJ supported his credibility determination with clear and convincing reasons.

Ayhan argues that the ALJ erred in failing to take testimony from a vocational expert. His argument is unavailing. An ALJ may decline to take testimony from a vocational expert, and may rely instead on the Medical-Vocational Guidelines, when there is no evidence of significant non-exertional limitations. *Tackett v. Apfel*, 180 F.3d 1094, 1101-02 (9th Cir. 1999). The record does not establish that Ayhan has any significant non-exertional limitations. Use of the Medical-Vocational Guidelines thus was appropriate.

Ayhan argues further that the ALJ failed to "explore" his alleged illiteracy. We reject this argument. Ayhan never raised this issue before the ALJ. Moreover, his claim is flatly contradicted by the record, which contains several instances of Ayhan writing explanations regarding his condition, affirming that he was the individual filling out the forms, and even stating that he could read English.

Finally, Ayhan argues that the ALJ refused to take lay testimony from his father. His assertion is belied by the record. The ALJ did not receive notice that Ayhan's father would require an interpreter, and so his testimony could not be taken on the day of the hearing. The ALJ agreed to take his testimony sometime in the future, but Ayhan's counsel failed to make a subsequent request or submit a declaration. Instead, three months after the hearing, Ayhan's counsel advised the

3

ALJ that he could close the record. The ALJ therefore did not err in failing to take this lay testimony.

Ayhan's remaining arguments are unpersuasive.

**AFFIRMED.**